IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY PAUL LUJAN,<br><br>    Petitioner,<br><br>  v.<br><br>RANDY GROUNDS, Warden,<br><br>    Respondent.               / | No. C 11-04051 CW (PR)<br><br>ORDER DISMISSING PETITION; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS<br><br>(Docket nos. 2 & 4) |

    Petitioner, a state prisoner, filed the present pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging decisions in 2006 and 2007 by the California Board of Parole Hearings finding Petitioner unsuitable for parole.

    Petitioner previously challenged the same two decisions in two separate habeas actions filed in this Court. See Lujan v. Curry, Case No. C 08-0474 CW (PR), Lujan v. Curry, Case No. C 09-0462 CW (PR). On September 17, 2010, the Court reviewed both petitions in one Order and, citing Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc), concluded that

> the state courts' determinations that the Board's denial of parole suitability was supported by "some evidence" of current dangerousness was an "'unreasonable application' of the California 'some evidence' requirement, and was 'based on an unreasonable determination of the facts in light of the evidence.'" Hayward, 603 F.3d at 562-63 (citations omitted). As a result, Petitioner is entitled to federal habeas relief on his due process claim.

Order at 25:28-26:5.[1]

    Respondent appealed. During the pendency of the appeal the United State Supreme Court held in Swarthout v. Cooke, 131 S. Ct.

---

[1] See Case No. C 08-0474, docket no. 13; Case No. C 09-0462, docket no. 8.

859 (2011) (per curiam), that federal courts cannot review the application of California's "some evidence" rule in a federal habeas corpus proceeding; rather, federal courts are limited to review of whether the minimum procedures adequate for due process protection have been met.  See id. at 862.

On March 15, 2011, the Ninth Circuit, relying on Swarthout, issued an Order in Petitioner's appeal, finding that "[b]ecause appellee was afforded opportunities to be heard and provided statements of reasons why parole was denied, due process was satisfied."  See Case No. C 08-0474, docket no. 25; Case No. C 09-0462, docket no. 19.  Accordingly, the Ninth Circuit granted Respondent's motion for summary reversal of this Court's grant of habeas relief.  The mandate was spread on April 6, 2011.

In the instant petition, filed by Petitioner on August 19, 2011, Petitioner argues that Swarthout does not prevent the Ninth Circuit from finding that Petitioner did not receive due process at his parole hearings.  Petitioner asks "this Court" to grant review of his petition to consider his argument.  It is not immediately clear which court Petitioner is referring to, i.e., the district court, the Ninth Circuit or the United States Supreme Court.  However, in the section of the petition titled "Statement of the Case" Petitioner concludes with the following statement:

> Petitioner has standing to raise by way of habeas corpus his challenge to the Board's denial of parole in this court through the venue of 28 U.S.C. § 2254 and Supreme Court Rules, Rule 20.
>
> As such, petitioner now files his petition for writ of habeas corpus in the United States Supreme Court.

Pet. at 10.

2

Based on such statement, it appears that even though Petitioner filed his petition in this court, his intent is to seek review of his petition in the United States Supreme Court.

Alternatively, it could be that Petitioner's intent is to proceed with the instant petition in this court. He is precluded from doing so, however, because the petition is a second or successive petition attacking the same parole decisions as Petitioner's prior federal habeas petitions. A second or successive petition containing previously raised or new claims may not be filed in the district court unless the petitioner first obtains from the United States Court of Appeals an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Petitioner here has not done so.

Accordingly, the instant petition is DISMISSED without prejudice to Petitioner's filing the petition in the United States Supreme Court, if that is his intent, or refiling the petition in this court if he obtains the necessary order from the Ninth Circuit.[2]

In light of Petitioner's lack of funds, the application to proceed in forma pauperis is GRANTED.

//
//
//

---

[2] The gatekeeping function performed by a court of appeals applies only to a second or successive petition filed in the district court. See Felker v. Turpin, 518 U.S. 651, 662 (1996). Petitioner still may file an original successive habeas petition in the United States Supreme Court, in which case the court of appeals' permission to file is not needed. See id. at 660-61.

3

## CONCLUSION

For the reasons stated above, the petition is DISMISSED without prejudice.

The application to proceed <u>in forma pauperis</u> is GRANTED.

The Clerk of the Court shall enter judgment and close the file.

This Order terminates Docket nos. 2 and 4.

IT IS SO ORDERED.

Dated: 10/7/2011            
                            CLAUDIA WILKEN
                            UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

LEROY PAUL LUJAN,

        Plaintiff,

  v.

RANDY GROUNDS et al,

        Defendant.

Case Number: CV11-04051 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 7, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Leroy Paul Lujan E-76840
Correctional Training Facility
P.O. Box 689
ED-08L
Soledad, CA 93960

Dated: October 7, 2011

                                    Richard W. Wieking, Clerk
                                    By: Nikki Riley, Deputy Clerk